IN THE UNITED STATES DISTRICT COURT
FOR THE EATERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| MIDLAB, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: TBD |
| | ) | |
| BRULIN & COMPANY, INC., | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION, COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION, AND VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT**

Plaintiff, Midlab, Inc., for its complaint against Defendant, Brulin & Company, Inc., states as follows:

**PARTIES**

1. Plaintiff Midlab, Inc. ("Midlab"), is a Tennessee corporation with business address located at 140 Private Brand Way, Athens, TN 37303.

2. Upon information and belief, Defendant Brulin & Company, Inc. ("Brulin"), is an Indiana corporation with a business address located at 2920 Dr. Andrew J. Brown Avenue, Indianapolis, IN, 46205.

**JURISDICTION AND VENUE**

3. This is an action for infringement of trademark rights embodied in a federally registered trademark and for infringement and unfair competition with respect to trademarks under the common law, all in violation of at least the United States Trademark Act of 1946, the

Lanham Act, 15 USC § 1051, *et. seq.* and/or the common law; and for violation of the Tennessee Consumer Protection Act, T.C.A. § 47-18-101 *et. seq.*

4. This Court has jurisdiction of the subject matter pursuant to at least 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, and under this Court's pendent jurisdiction over related state and common law claims arising under the same operative facts and circumstances in accordance with 28 U.S.C. § 1367.

5. Venue is proper in this district pursuant to at least 28 U.S.C. § 1391.

## NATURE OF THE ACTION

6. Midlab is a world leader in manufacturing and distributing janitorial products and solutions for the cleaning industry (Midlab's "Goods"). Its services include formulating, manufacturing, branding and promoting a wide variety of private label and custom manufactured cleaning, disinfecting and deodorizing products and related supplies.

7. Since at least as early as 1991, Plaintiff has been substantially continuously used the Mark MAXIM in commerce in in connection with a variety of cleaning products, including all-purpose cleaners and degreasers and glass cleaners (MAXIM Products). The MAXIM Products are sold in concentrated formulations and in ready-to-use (RTU) formulations, as shown below.




8. Pages from a catalog of Midlab providing additional examples of the MAXIM Products is attached as **Exhibit 1**.

9. Midlab has been very successful, both on a local and a national scale. The Midlab Goods, including the MAXIM Products, have been advertised and promoted to consumers in interstate commerce throughout the country, including by way of tradeshow presentations. For example, Midlab has marketed its various products in tradeshows that are organized by ISSA, a leading trade association for the cleaning industry. Midlab has attended the ISSA/INTERCLEAN North America tradeshow for a number of years, including its most recent 2016 show.

10. As a result of the extensive and continuous use and promotion of the MAXIM Mark in interstate commerce, the MAXIM Mark has become and is now well-known and familiar to those in the cleaning supplies industry. The MAXIM Mark is therefore symbolic of valuable goodwill and consumer recognition built up by Midlab through use, sales, advertising, and promotions efforts under the MAXIM Mark over many years.

11. In addition to significant common law trademark and other rights pertaining to the MAXIM Mark, Midlab has federally registered the MAXIM Mark on the Principal Register of the U.S. Patent & Trademark Office under U.S. Registration No. 1,760,899, issued March 30, 1993 (the "Midlab Registration"). A copy of the certificate of registration for the aforementioned Midlab Registration is attached as **Exhibit 2**.

12. The right of Midlab to the exclusive use of the MAXIM Mark of the Midlab Registration in commerce has become and is now incontestable for the goods identified therein in accordance with 15 U.S.C. § 1065, with the effect under 15 U.S.C. § 1115(b) that the validity of the MAXIM Mark, the sole and exclusive ownership by Midlab of the MAXIM Mark, and the
3

right of Midlab to exclusive use of the MAXIM Mark in commerce for the goods set forth in the Midlab Registration is all conclusively established under law.

13. The Midlab Registration is valid, unrevoked, uncancelled, and subsisting; and all rights associated therewith are not abandoned.

14. On information and belief, Defendant Brulin manufactures and distributes janitorial products and solutions to the cleaning industry in this Judicial District and elsewhere.

15. Without permission or authority from Plaintiff, Defendant has infringed the MAXIM Mark in interstate commerce by making, using, promoting, advertising, and/or offering to sell cleaning products under the name "Maxima," including concentrated formulations and RTU formulations (Defendant's "Goods"), as shown below.



16. On information and belief, Brulin markets its products, including the "Maxima" product, to the same customers and in the same channels of trade as the Plaintiff's MAXIM-brand products. As an example, Defendant has marketed its products via the ISSA/INTERCLEAN North America trade show, including at least the 2016 show.

17. Prior to any date of first use of any phrase, name or mark including the term "Maxima" by or under the control of the Defendant for or in connection with its cleaning

products, Midlab first used and has made substantially continuous and exclusive use of the MAXIM Mark in commerce for and in connection with Midlab's Goods.

18. The Defendant's use of the name "Maxima" is intended to trade on the goodwill and substantial recognition associated with Plaintiff's Mark and to cause confusion, mistake or deception.

19. At the time Defendant commenced use of the "Maxima" designation for its Goods, Brulin had constructive or actual notice of the Midlab Registration for the MAXIM Mark.

20. Upon information and belief, Defendant knew of Midlab's prior use of MAXIM to identify the source of the Midlab Goods before Defendant commenced use of its infringing "Maxima" designation, as described herein. Therefore, Brulin willfully infringed on the MAXIM Mark and continues to do so.

21. By virtue of the acts complained of herein, Defendant has created a strong likelihood of consumer confusion, mistake, and deception as to the source, origin or relationship of Plaintiff's and Defendant's respective Goods and has competed unfairly with Plaintiff by unlawfully trading on and using Plaintiff's MAXIM Mark without Plaintiff's permission or consent.

22. Defendant's acts complained of herein have caused damage to Plaintiff in an amount to be determined at trial, and such damages will continue to increase unless Defendant is enjoined from its wrongful actions and infringements.

23. Defendant's acts complained of herein have caused Plaintiff to suffer irreparable injury to its business. Plaintiff will suffer substantial loss of goodwill and reputation unless and

until Defendant is preliminarily and permanently enjoined from its wrongful actions complained of herein.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

24. Plaintiff hereby realleges Paragraphs 1-22 as if fully set forth herein.

25. Defendant's use of "maxima" as alleged herein and otherwise constitutes use of subject matter in commerce which is likely to cause confusion, mistake or deception as to the affiliation, connection, or association of the source of Defendant's Goods and the source of Plaintiff Midlab's Goods provided under the name MAXIM, all in violation of 15 U.S.C. § 1114.

26. On information and belief, Defendant will continue to sell, offer for sale, and/or advertise its Goods using the "maxima" designation in violation of the rights of Plaintiff under federal and state law unless and until enjoined by this Court.

27. The acts of Defendant alleged herein have caused and will continue to cause substantial and irreparable harm, damage, and injury to Plaintiff Midlab for which Midlab has no fully adequate remedy at law, and will continue unless and until enjoined and restrained by this Court.

## COUNT II
## FEDERAL UNFAIR COMPETITION

28. Plaintiff hereby realleges Paragraphs 1-26 as if fully set forth herein.

29. Defendant's "maxima" designation is confusingly similar to the Plaintiff's MAXIM Mark and is used for the same or closely related goods for which the Plaintiff's MAXIM Mark has been previously used in commerce by Midlab. Use by Defendant of the

"maxima" designation for and in connection with its Goods as alleged herein is likely to cause and actually has caused confusion, mistake and/or deception in violation of 15 U.S.C. § 1125(a).

30. The uses by Defendant of the "Maxima" designation as alleged herein constitutes false designation of original in violation of 15 U.S.C. § 1125(a).

31. On information and belief, Defendant has, by its use of the "Maxima" designation, falsely represented to and deceived the purchasing public and the trade in general as to the origin or source of the goods offered, provided, and/or sold in interstate commerce by Defendant under the "maxima" designation so as to cause members of the purchasing public and the trade in general to believe that Defendant has been authorized by, sponsored by, or approved by the true source of goods provided under the MAXIM Mark and/or to falsely believe that Defendant's Goods emanate from the same source as Midlab's Goods sold or provided under the MAXIM Mark.

32. Use of the "Maxima" designation by Defendant was and is being undertaken by Defendant with knowledge of Plaintiff's superior rights in the MAXIM Mark, and with the deliberate intent to infringe on the rights of Midlab therein and to unlawfully divert trade, goodwill, and revenue away from Midlab, whereby Defendant has been and is being unjustly enriched with revenue and other benefits proximately caused by and/or resulting from their unlawful acts as alleged herein.

33. The acts of Defendant alleged herein have caused and will continue to cause substantial and irreparable harm, damage, and injury to Plaintiff Midlab for which Midlab has no fully adequate remedy at law, and will continue unless and until enjoined and restrained by this Court.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

34. Plaintiff hereby realleges Paragraphs 1-32 as if fully set forth herein.

35. Defendant's actions as alleged herein constitute unfair competition and trade piracy in violation of the common law and have been undertaken in order to cause confusion and deception among the purchasing public and the trade in general, to allow Defendant to unjustly benefit from the goodwill and value built up by Midlab over many years of use and extensive investment in advertising and promotion of the MAXIM Mark, and to unlawfully divert trade, goodwill, and revenue from Midlab.

36. Defendant's acts alleged herein have or are likely to engender a false belief in the mind of the public and trade in general that Defendant is affiliated with, sponsored by, or associated with the source of Midlab's Goods marketed and sold under the MAXIM Mark.

37. By reason of the foregoing, Defendant has engaged in acts of trademark infringement and unfair competition. The acts of Defendant alleged herein have caused and will continue to cause substantial and irreparable harm, damage, and injury to Plaintiff Midlab for which Midlab has no fully adequate remedy at law, and will continue unless and until enjoined and restrained by this Court.

## COUNT IV
## VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT

38. Plaintiff hereby realleges Paragraphs 1-37 as if fully set forth herein.

39. By reason of the actions alleged herein, Defendants have acted and are acting in violation of the Tennessee Consumer Protection Act, T.C.A. § 47-18-101 *et seq*. The acts complained of violate at least subsections (1), (2), (3), (5) and (27) of T.C.A. § 47-18-104(b)

40. As a result of the actions alleged herein, Midlab has suffered and continues to suffer financial damage, injury, and irreparable harm.

41. Defendant committed the actions alleged herein knowingly and willfully.

42. Pursuant to T.C.A. 47-18-109(a)(3), Midlab is entitled to treble damages for the knowing and willful acts of Defendants alleged herein.

43. Pursuant to T.C.A. 47-18-109(e)(l), Midlab is entitled to its reasonable attorney fees and costs in bringing this claim.

## PRAYER FOR RELIEF

WHEREFORE, Midlab prays for at least the following relief:

A. A preliminary and permanent injunction and such other and further relief as is available under 15 U.S.C. § 1116 to prevent any further violation of Midlab's rights under 15 U.S.C. § 1114 in the federally registered MAXIM Mark.

B. A preliminary and permanent injunction and such other and further relief as is available under 15 U.S.C. § 1116 to prevent any further violation of Midlab's rights under 15 U.S.C. § 1125(a), and prohibiting Defendant from unfairly competing with Midlab through the use of spurious designations substantially identical with or confusingly similar to the previously-used MAXIM Mark.

C. An accounting and recovery under 15 U.S.C. § 1117(a) of Defendant's profits resulting from violation of Midlab's rights in the MAXIM Mark of the Midlab Registration.

D. Trebling of the Defendant's profits or Midlab's damages, whichever is greater, together with a reasonable attorney's fee and expenses and prejudgment interest, under 15 U.S.C. § 1117(a) and (b), due to the deliberate and willful misuse by Defendant of the federally-registered and previously-used MAXIM Mark.

E.  An award under 15 U.S.C. § 1117 to Midlab of its costs in this action and reasonable attorney's fees and expenses due to the deliberate and willful nature of Defendant's infringement and other violations of rights of Midlab under law.

F.  Trebling of the Defendant's profits or Midlab's damages, whichever is greater, together with a reasonable attorney's fee and expenses and prejudgment interest, under T.C.A. § 47-18-109, due to the Defendant's deliberate and willful unfair competition and infringement of the MAXIM Mark.

G.  That any and all goods, labels, signs, prints, packages, wrappers, catalogs and advertising literature in the possession or control of Defendant bearing any of the MAXIM Mark be delivered up to an officer of the Court for destruction pursuant to 15 U.S.C. § 1118.

H.  An award of Midlab's costs in this action and reasonable attorneys' fees and expenses in bringing this action.

I.  That the Court enjoin Defendant and all of its employees, owners, officers, agents, attorneys, affiliates, all persons in privity with Defendant from and against any and all further actions intended to divert customers, sponsors, and vendors from Midlab.

J.  That the Court award punitive damages in an amount to be determined at trial.

K.  Such other, further, and additional relief as this Court may deem reasonable and just.

Midlab demands a jury to try the issues joined.

Respectfully submitted,
MIDLAB, INC.

By:    <u>s/Stephen D. Adams/</u>
       Stephen D. Adams, BPR #30057
       Michael J. Bradford, BPR #22689
       Robert O. Fox, BPR #015185
       LUEDEKA NEELY GROUP, P.C.
       P.O. Box 1871
       1504 Riverview Tower
       Knoxville, TN 37901
       Phone: (865) 546-4305
       Fax: (865) 523-4478

       ATTORNEYS FOR PLAINTIFF

11
Case 3:16-cv-00653-HSM-HBG   Document 1   Filed 11/11/16   Page 11 of 11   PageID #: 11